(No. 2483—

ROBERT D. HUNT, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed April 9, 1935.*

GALE & WEST, for claimant.

OTTO KERNER, Attorney General; JOHN KASSERMAN, Assistant Attorney General, for respondent.

MR. CHIEF JUSTICE HOLLERICH delivered the opinion of the court:

Prior to and on the 29th day of September, A. D. 1933, claimant was employed by respondent in the Division of Highways, and worked with a concrete replacement crew on S. B. I. Route 9. On the last mentioned date, while cutting concrete with a cold cut and sledge hammer, a piece of steel from the cold cut flew into his eye, producing a traumatic cataract. Claimant submitted to several operations and remained under

the care of a specialist until July 20, 1934. The facts in the case are stipulated, and from such stipulation it appears:

1. That at the time of the accident in question both claimant and respondent were operating under the provisions of the Workmen's Compensation Act.

2. That on the 29th day of September, 1933, the claimant sustained accidental injuries which arose out of and in the course of his employment.

3. That notice of the accident was given and claim for compensation made within the time required by law.

4. That claimant was not in the employ of the respondent continuously during the year next preceding the injury; that the annual earnings of persons of the same class in the same employment and location were $982.80, being $18.90 per week.

5. That claimant at the time of the injury was 54 years of age, and had one child under the age of 16 years at that time.

6. That all necessary first aid, medical, surgical and hospital services were provided by the respondent.

7. That compensation has been paid by respondent to claimant for all temporary total disability sustained by him.

8. That at the time claimant was discharged by his doctor, to-wit: on July 20th, 1934, he had sustained the permanent and complete loss of 75 per cent of the use of his right eye.

We therefore find that claimant is entitled to have and recover from the respondent the sum of Ten Dollars and Forty Cents ($10.40) per week for a period of ninety (90) weeks for the permanent and complete loss of 75 per cent of the use of his right eye; that such compensation is payable in weekly installments commencing on July 20, 1934.

Payment by the respondent in weekly installments, however, is not practicable under existing laws. Under all of the circumstances, it appears to be to the best interests of all parties concerned that the compensation to be paid as aforesaid be commuted to an equivalent lump sum, in accordance with the provisions of Section nine (9) of the Compensation Act.

The total amount of compensation to be paid as aforesaid, after commutation to an equivalent lump sum, is $932.09.

It is Therefore Ordered that an award be and the same is hereby entered in favor of the claimant, Robert D. Hunt, for the sum of Nine Hundred Thirty-two Dollars and Nine Cents ($932.09).